UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action 3:25-CR-083-CHB-01, 02 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK FOSTER, JR. (01), | ) | **ORDER GRANTING UNOPPOSED** |
| DEVANTE RICE (02), | ) | **MOTION TO CONTINUE TRIAL** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on the United States' Unopposed Motion to Continue Trial. [R. 62]. Therein, the United States requests the jury trial currently scheduled for June 30, 2026, be rescheduled for several different reasons. First, counsel for the United States will be out of the country around the time of the trial date. *Id.* at 1. Second, this is a complex, forty-five (45) count indictment that has "numerous controlled buys of firearms and narcotics and will require extensive trial preparation based on the volume of controlled buys." *Id.* Finally, the parties continue to negotiate a resolution. *Id.* at 2. The Court notes that the motion represents that Defendant Mark Foster, Jr., and Defendant Devante Rice do not oppose the United States' continuance request. *Id.*

Therefore, having reviewed United States' motion, the representation of no opposition by Defendant Mark Foster Jr., and Defendant Devante Rice, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The United States' Unopposed Motion to Continue Trial, [**R. 62**], is **GRANTED**.

2. **Trial.** The Jury Trial set for June 30, 2026, is **REMANDED** from the Court's docket, and is **RESCHEDULED** to **Monday**, **October 5, 2026, at the hour of 9:00 a.m**., before the Honorable Claria Horn Boom, United States District Court Judge, at the Gene Snyder U.S.

Courthouse in **Louisville, Kentucky**. **This Order applies to Defendants Mark Foster, Jr.**, **and Devante Rice**. Counsel **SHALL** be present in the courtroom at 8:30 a.m.

3. Any party who objects to the new trial date must file a motion **by no later than Wednesday, June 17, 2026**.

4. **Pretrial Filings**. All pretrial filings and deadlines as set forth in the Court's Order Following Arraignment and Scheduling Order, [**R. 12**]; [**R. 19**], shall be relative to this new trial date. The trial continuance does not affect any defensive-motions deadline set by prior order. **Any request for an extension of the defensive-motions deadline should be made by separate motion.**

5. **Motions for Change of Plea**. If a defendant intends to enter a plea of guilty, defense counsel shall file a motion for change of plea. All motions for change of plea shall be filed no later than fourteen (14) days before the scheduled trial date, absent good cause. Defendants are advised that failure to comply with this filing requirement will be considered by the Court in determining whether to grant credit for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Following the filing of a motion for change of plea, and if the parties intend to proceed pursuant to a written plea agreement, the United States shall submit a copy of the proposed plea agreement for the Court's review at least **one (1) business day** prior to any hearing on the defendant's motion for change of plea. This document shall be transmitted as an electronic attachment to boom_chambers@kyed.uscourts.gov.

6. **Speedy Trial Act**. The time between the previous trial date of **June 30, 2026**, and the new trial date of **October 5, 2026**, is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i). **This exclusion also applies to Defendants Mark Foster, Jr., and Devante Rice**,

who are joined for trial and for whom no motion for severance has been granted. 18 U.S.C. §§ 3161(h)(1)(D), (h)(6). The Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, due to the parties need to prepare for trial, the number of counts and complexity of the case, the parties to negotiate, and the unavailability of the Assistant United States Attorney. 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i). The Court **HOLDS** that United States' motion is not made for the purpose of undue delay, nor is this continuance granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

This the 9th day of June, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Counsel of Record
United States Probation Office
Jury Clerk